# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-1326V
Filed: November 28, 2016
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARIE LEMAY, | * | |
| | * | |
| Petitioner, | * | Motion for dismissal; |
| | * | flu vaccine; neurologic injury; |
| v. | * | expert report does not satisfy |
| | * | <u>Althen</u> three prongs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Catherine D. Mollica</u>, Hartford, CT, for petitioner.
<u>Robert P. Coleman, III</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On November 5, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on November 6, 2012 caused her neurologic injury affecting her limbs, joints, muscles, eyes, and brain.  <u>See</u> Pet. Preamble and ¶¶ 3-8.

On November 23, 2016, petitioner filed a Motion for Voluntary Dismissal under Vaccine Rule 21(a)(2).  Vaccine Rule 21(a)(2) merely describes the effect of dismissal under Vaccine Rule 21(a)(1).  Since respondent has already filed a Rule 4(c) Report, petitioner may not avail

---

[1] Because this Order Concluding Proceedings contains a reasoned explanation for the special master's action in this case, the special master intends to post this Order Concluding Proceedings on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

herself of dismissal under Vaccine Rule 21(a)(1)(A).  Since the parties have not filed a stipulation of dismissal, they may not avail themselves of dismissal under Vaccine Rule 21(a)(1)(B).

Moreover, since petitioner states in her Motion to Dismiss that she "elects to accept the judgment pursuant to 42 U.S.C. § 300aa-21(a)(2)," the undersigned perceives that petitioner does not understand that moving to dismiss under Vaccine Rule 21(a) will not result in the issuance of a judgment, but in an Order Concluding Proceedings, for which there is no election.  Vaccine Rule 21(a)(3).  Therefore, the undersigned views the motion petitioner filed on November 23, 2016 as a motion to dismiss and not a motion to conclude proceedings under Rule 21(a).  The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

## FACTS

Petitioner was born on June 1, 1953.

On November 6, 2012, she received influenza ("flu") vaccine.  Med. recs. Ex. 2, at 1.

On November 8, 2012, petitioner went to the medical center where she worked as a pediatric nurse and told the staff that she had a history of egg allergy and was advised to take Prednisone to prevent an allergic reaction.  Med. recs. Ex. 2, at 1.  However, after her flu vaccination, she had been unable to work because of the ill effects of the steroids and/or the vaccination.  Id.

On November 10, 2012, petitioner returned to her allergist and said that she had finished the medications and still felt shortness of breath.  Med. recs. Ex. 2, at 2.  She said she had her "usual side effects," i.e., muscle and joint aches and pains, and fatigue, after the flu vaccination.  Id.

On November 13, 2012, petitioner went to St. Francis Hospital and Medical Center emergency department complaining of shortness of breath and body aches since receiving the flu shot.  Med. recs. Ex. 4, at 1.  Dr. Elizabeth Y. Schiller did a physical examination and found petitioner neurologically grossly intact.  Id. at 2.

Also on November 13, 2012, petitioner went to Dr. Sadaf Khorasani, a neurologist, saying that she had an allergy to eggs and had a significant reaction to her flu shot in 2011 with headache, muscle pain, cramp, and unsteadiness, which required a course of steroids.  Id. at 14.  For the 2012 flu vaccination, petitioner was medicated with 40 mg. of Prednisone for five days before and after immunization.  The day after the vaccination, she complained of diffuse joint pain, headache, a cramping leg, and shooting pain in her feet for five days.  When she came off Prednisone four days ago, she had tingling and burning in her feet, unsteadiness, weakness, chest tightness, and shortness of breath.  She was restarted on Prednisone and her symptoms improved.  Dr. Khorasani did a physical examination and found petitioner to be completely normal.  There was no evidence of Guillain-Barré syndrome or focality.  There was no need for a lumbar

puncture or any imaging.  Id.

On November 16, 2012, petitioner returned to Dr. Khorasani.  Med. recs. Ex. 6, at 1-3.  Her tone was normal.  She did not have muscle atrophy.  She had intact strength and sensation.  Her deep tendon reflexes were 2+ throughout.  Her posterior column was intact.  He thought steroids could be causing petitioner some side effects.  Id.

On December 7, 2012, petitioner returned to Dr. Khorasani.  Id. at 4.  She complained of developing some pressure-like pain of her head associated with bright lights, associated with nausea.  She continued having some hot feeling in the soles of her feet and sharp pains multifocally in her ankles and legs, with some tingling in her legs and generally in her hands and arms.  She reported significant muscle fatiguability, and felt tired, sad, and frustrated.  Id.  On physical examination, her motor strength was 5/5, she had symmetrical light touch bilaterally, and her deep tendon reflexes were 2+ and symmetric.  An MRI of her brain done on November 21, 2012 with and without contrast was normal.  Dr. Khorasani wrote, "I am unclear about the etiology."  Id. at 5.  Dr. Khorasani diagnosed her with depression and prescribed Cymbalta.  Id.

Petitioner returned to Dr. Khorasani and visited other doctors without any diagnosis of a neurologic reaction to flu vaccination or any autoimmune process.

## DISCUSSION

On September 8, 2016, petitioner filed an expert report from Dr. Khorasani dated August 30, 2016 without giving the report an exhibit number.  The "expert report" consisted of petitioner's counsel faxing Dr. Khorasani petitioner's counsel's letter with three questions to which he answered "yes as there were no other attributing causes" to petitioner's counsel's first question about a post-vaccination reaction, "yes" to question number 2, and "no" to question number 3.  That was the extent of Dr. Khorasani's "expert report."

On October 26, 2016, the undersigned held a status conference with counsel after respondent filed her Rule 4(c) Report on October 7, 2016.  The undersigned said that Dr. Khorasani's supposed expert report did not satisfy the three prongs of Althen v. Secretary of Health and Human Services, 418 F.3d 1274, 1278 (Fed. Cir. 2005), which require petitioners in causation in fact cases to have an expert prove: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and a showing of a proximate temporal relationship between vaccination and injury."

In Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1149 (Fed. Cir. 1992), the Federal Circuit stated that, without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.  Dr. Khorasani's answer to petitioner's first question about causation is the type of answer ("yes as there were no other attributing causes") that is legally insufficient to prove causation in fact.

3

Petitioner must show not only that but for flu vaccine, she would not have whatever injury she had (which was never clear), but also that flu vaccine was a substantial factor in bringing about whatever injury she had, if she had any injury at all.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

In the undersigned's Order of October 26, 2016, the undersigned stated that petitioner's counsel could return to Dr. Khorasani for an expert report that would satisfy petitioner's burden of proof or ask any other doctor to be her expert.  The undersigned gave petitioner until November 28, 2016 to file an expert report or a subsequent expert report from Dr. Khorasani.  Instead, on November 23, 2016, petitioner moved to dismiss.

## CONCLUSION

The undersigned **GRANTS** petitioner's Motion to Dismiss and **DISMISSES** this case.[2]

**IT IS SO ORDERED.**

Dated: November 28, 2016                                                      s/ Laura D. Millman
                                                                                                  Laura D. Millman
                                                                                                      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.